UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK THAXTER, | |
| Petitioner, | CIVIL ACTION NO. 1:15-cv-02193 |
| v. | (CALDWELL, J.)<br>(SAPORITO, M.J.) |
| LORETTA LYNCH, Attorney General of the United States, et al., | |
| Respondents. | |

## REPORT AND RECOMMENDATION

On November 17, 2015, the Court received and filed a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and date by the petitioner, Patrick Thaxter, on November 12, 2015. (Doc. 1). In this petition, Thaxter, a native and citizen of Jamaica, challenged the legality of his extended detention without a bond hearing. At the time of filing, Thaxter was being held in the custody of U.S. Immigration and Customs Enforcement ("ICE") at York County Prison, located in York County, Pennsylvania. He was subsequently transferred to Pike County Correctional Facility, located in Pike County, Pennsylvania, where he remains at the time of this writing.

Thaxter had previously filed a § 2241 petition on December 19, 2014,

in which he was represented by counsel. That petition, docketed as *Thaxter v. Sabol*, Case No. 1:14-cv-02413, remains pending and actively litigated. It involves substantially identical parties, facts, and claims. We recently entered a report in the 2413 case recommending that it be referred to an Immigration Judge for an immediate bond hearing, but that this Court retain jurisdiction to conduct habeas bail proceedings, if necessary. (Case No. 1:14-cv-02413, Doc. 27).

It is well established that a federal district court has the inherent power to administer its docket in a matter that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting that "the general rule is to avoid duplicative litigation"); *Watson v. Sec'y Pa. Dep't of Corrs.*, 567 Fed. App'x 75, 79 (3d Cir. 2014) (per curiam) (quoting *Colo. River*). As the Third Circuit has recognized, a plaintiff "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same [respondents]." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc); *see also Watson*, 567 Fed. App'x at 79 (quoting *Walton*). Under *Walton*, a court faced with a second, duplicative action is

permitted to stay the second action, consolidate it with the first, or dismiss the second action without prejudice. *Walton*, 563 F.2d at 70–71; *see also Fabics v. City of New Brunswick*, 629 Fed. App'x 196, 198 (3d Cir. 2015) (per curiam).[1]

Here, Thaxter's second, *pro se* petition is virtually identical to his first, counseled petition. Except for the passage of additional time being detained without a bond hearing, the second petition alleges no additional material facts and it adds no new claims and no new parties.[2] No purpose would be served by staying the second petition until the first is resolved. Nor would consolidation accomplish anything to promote judicial efficiency. *See generally Walton*, 563 F.2d at 70–71.

---

[1] Dismissal *with* prejudice may also be permissible in some circumstances. *See, e.g.*, *Fabics*, 629 Fed. App'x at 198–99; *McKenna v. City of Philadelphia*, 304 Fed. App'x 89, 93–94 (3d Cir. 2008).

[2] The second petition actually names fewer respondents than the first, limiting itself to three named respondents: Attorney General Lynch, ICE Field Office Director Decker, and Warden Sabol. Although Lynch's predecessor-in-office, Eric Holder, was named in the first petition, she has been substituted in his place as a respondent by operation of the federal rules. *See* Fed. R. Civ. P. 25(d); *see also* Fed. R. Civ. P. 81(a)(4). Moreover, the only respondent of any consequence is Warden Sabol, Thaxter's immediate custodian at the time when the petition was filed. *See generally* 28 U.S.C. § 2243; *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). *But see Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (recognizing circuit split and declining to resolve it).

- 4 -

Accordingly, it is recommended that this duplicative § 2241 petition be dismissed without prejudice. *See id.* at 70; *Watson*, 567 Fed. App'x at 79.

Dated: April 12, 2016                *s/ Joseph F. Saporito, Jr*.
                                     JOSEPH F. SAPORITO, JR.
                                     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK THAXTER,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA LYNCH, Attorney General of the United States, et al.,<br><br>    Respondents. | CIVIL ACTION NO. 1:15-cv-02193<br><br>(CALDWELL, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 12, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 12, 2016                              *s/ Joseph F. Saporito, Jr.*
                                                   JOSEPH F. SAPORITO, JR.
                                                   United States Magistrate Judge